[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 06, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13269
Non-Argument Calendar

_____

Agency No. A79-508-482

PAULIN PAUL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 6, 2009)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges

PER CURIAM:

Paulin Paul, through counsel, seeks review of the Board of Immigration Appeals's (BIA's) decision to dismiss his appeal of the Immigration Judge's (IJ's) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), pursuant to INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

First, Paul argues the IJ erred in relying solely on his wife's sworn statement supporting her own previously denied asylum application to deny his asylum claim. Her statement did not mention Paul's political affiliation or his claims that uniformed police officers representing the Lavalas political party raped his wife in his home and later killed his cousin, but instead included details of a completely different incident, in which she claimed that she was imprisoned for 17 days and raped by prison guards. According to Paul, the extent to which his wife's statement varied from his application and testimony is irrelevant because her statement should have been disregarded or given minimal weight. Specifically, Paul claims that he testified consistently and credibly, and he provided solid proof to corroborate his claim, but the IJ disregarded all of that evidence for one statement submitted by Paul's wife, who Paul contends suffers from depression, decreased concentration, paranoia, and agoraphobia. Finally, Paul argues that, presented with

significant evidence of Paul's wife's mental illness, the IJ clearly erred in making her statement the only basis for the adverse credibility finding.

To the extent that the BIA's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). After an adverse credibility finding has been made, the applicant then has the burden to show that the BIA or the IJ's "credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation omitted).

In this case, substantial evidence supports the BIA's decision to uphold the IJ's adverse credibility determination because the IJ's determination was based on multiple internal inconsistencies in the record, namely, the key differences between

3

Paul's application and testimony and his wife's statement supporting her own previously denied asylum application.

Second, Paul argues that he has a very compelling claim for asylum, withholding of removal, and CAT relief and is entitled to relief as a matter of law because he provided direct, credible, and specific evidence in the record, proving past persecution and creating a presumption of future persecution. Accordingly, Paul asserts that the IJ should have granted him asylum as a matter of discretion. Paul also argues that the BIA should have reviewed the IJ's decision de novo as a question of law to determine whether he met his burden of proof in this case.

However, the record likewise does not compel reversal of the IJ's and BIA's denial of asylum, withholding of removal, and CAT relief because Paul's remaining documentary evidence, outside of his discredited application and testimony, was insufficient to support his claim for asylum.

**PETITION DENIED.**